

FILED'08 JUN 24 11:07USDC-ORP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**JULIO GALINDO-MARTINEZ,**

**Defendant.**

**04-CR-464-BR**
**06-CR-228-BR**

**OPINION AND ORDER**

**KAREN J. IMMERGUT**
United States Attorney
**GARY Y. SUSSMAN**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR 97204-2902
(503) 727-1017

Attorneys for Plaintiff

**JULIO GALINDO-MARTINEZ**
#06786-081
FCI-Butner Med II
PO Box 1500
Butner, NC 27509

Defendant, *Pro Se*

ntfd deft PS

**BROWN, Judge.**

This matter comes before the Court on Defendant Julio Galindo-Martinez's Motion to Alter or Amend Judgment (#7) Pursuant to 18 U.S.C. § 3582(c)(2) and Defendant's Motion (#10) for Proof of Subject Matter Jurisdiction and Release from Federal Prison.

For the reasons that follow, the Court **DENIES** Defendant's Motion to Alter or Amend Judgment and **DIRECTS** Defendant to advise the Court in writing **no later than July 21, 2008,** whether he would like the Court to construe his Motion for Proof of Subject Matter Jurisdiction and Release from Federal Prison as a Motion to Vacate, Set Aside, or Correct Sentence as a motion pursuant to 28 U.S.C. § 2255.

## BACKGROUND

On July 25, 2005, a federal grand jury indicted Defendant for one count of Illegal Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a) and (b)(2).

On March 20, 2006, the Court held a hearing at which Defendant entered a guilty plea on the charge of Illegal Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a) and (b)(2). At the hearing, the Court engaged in a colloquy with Defendant to ensure he was knowingly and voluntarily pleading guilty as charged and to review with him the consequences of his plea

generally. After finding Defendant's guilty plea was knowing, intelligent, and voluntary, the Court accepted the plea.

On August 14, 2006, the Court sentenced Defendant to a term of 77 months imprisonment and three years supervised release.

On March 28, 2008, Defendant moved to alter or to amend the Judgment entered on August 15, 2006, and requests the Court to dismiss the Judgment. The government filed a Response to Defendant's Motion. In reply, Defendant filed a Motion for Proof of Subject Matter Jurisdiction and Release from Federal Prison.

**DEFENDANT'S MOTION TO ALTER OR TO AMEND JUDGMENT**

Although Defendant's Motion is unclear, it appears Defendant requests the Court to dismiss the Judgment entered on August 15, 2006, on the grounds that: (1) the Supreme Court declared the United States Sentencing Guidelines (USSG) to be unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005), thereby affording Defendant relief under 18 U.S.C. § 3582(c)(2); (2) the Court did not have jurisdiction under the Assimilated Crimes Act; (3) Defendant did not commit an "offense against the United States"; (4) although the "United States" may properly be a party to an action under Article III of the United States Constitution, the "United States of America" may not; and (5) Defendant is not a "14th Amendment Citizen or United States Citizen."

**I. 18 U.S.C. § 3582(c)(2).**

18 U.S.C. § 3582(c)(2), provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Guidelines explain:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG § 1B1.10(a). "If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." USSG § 1B1.10(c).

**II. The Supreme Court did not invalidate the Sentencing Guidelines in *Booker*.**

As noted, Defendant asserts the Supreme Court declared in *Booker* that the Sentencing Guidelines were unconstitutional,

thereby affording Defendant relief under 18 U.S.C. § 3582(c)(2). The Supreme Court, however, did not invalidate the Sentencing Guidelines in *Booker*, but merely determined they were advisory rather than mandatory. On March 20, 2006, during the colloquy with Defendant at his change-of-plea hearing, the Court informed Defendant about *Booker* and its effects on the Sentencing Guidelines.

In any event, the Court concludes Defendant has not established the advisory Sentencing Guidelines range applicable to the crime for which he was convicted has "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Accordingly, the Court denies Defendant's request to alter or to amend the Judgment on this ground.

**III. The Assimilative Crimes Act does not apply here.**

Defendant contends the Court did not have jurisdiction over this matter under the Assimilated Crimes Act, 18 U.S.C. §§ 7, 13(a).

The Assimilated Crimes Act provides in pertinent part:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at

> the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

18 U.S.C. § 13(a). Section 7 of the Assimilated Crimes Act lists a number of places not pertinent to this action such as "the high seas, [and] any other waters within the admiralty and maritime jurisdiction of the United States"; "any vessel registered, licensed, or enrolled under the laws of the United States, and being on a voyage upon the waters of any of the Great Lakes"; and "any island, rock, or key containing deposits of guano."

Here Defendant was prosecuted for illegally reentering the United States, which is an act "made punishable by any enactment of Congress." In addition, the Portland police found Defendant on a public street in Southeast Portland; *i.e.*, not within any special maritime jurisdiction, on a vessel, or within any of the special areas set out in § 7.

Accordingly, the Court denies Defendant's request to alter or to amend the Judgment on this ground.

**IV. Defendant committed an offense against the laws of the United States.**

Defendant contends the Court should alter or amend the Judgment in this matter because he did not commit an "offense against the United States." As noted, Defendant pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a).

Accordingly, the Court concludes Defendant committed an

offense against the United States and, therefore, denies Defendant's request to alter or to amend the Judgment on this ground.

**V. The United States and the United States of America are the same entity.**

Defendant contends the United States may be a proper party to litigation and has "standing" to bring this action, but the "United States of America" is not a proper party and does not have standing. Defendant, however, does not cite any authority to support his position.

Accordingly, the Court denies Defendant's request to alter or to amend the Judgment on this ground.

**VI. Defendant is not a United States citizen.**

Defendant contends he is a "Sovereign Moorish American National" and not a "14th Amendment Citizen" or a United States Citizen. This, however, is at the heart of why Defendant was prosecuted for illegal reentry into the United States: He is not a United States citizen, he was deported, and he illegally reentered the United States in violation of 8 U.S.C. § 1326(a). Thus, Defendant's alleged Moorish nationality does not provide any basis for the Court to alter or to amend the Judgment in this matter.

Accordingly, the Court denies Defendant's request to alter or to amend the Judgment on this basis.

**DEFENDANT'S MOTION FOR PROOF OF SUBJECT MATTER JURISDICTION AND RELEASE FROM FEDERAL PRISON**

Although it is not clear, it appears in his Motion for Proof of Subject Matter Jurisdiction and Release from Federal Prison that Defendant seeks to challenge the Court's jurisdiction over this matter and, as a result, the lawfulness of his conviction and sentence. Accordingly, Defendant's Motion appears to be one that would properly be brought under 28 U.S.C. § 2255.

Federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003). The Supreme Court has held, however,

> when a court recharacterizes a pro se litigant's motion as a . . . § 2255 motion[,] . . . the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Id.* at 383.

Accordingly, the Court directs Defendant to advise the Court in writing **no later than July 21, 2008,** whether he requests the Court to construe his Motion for Proof of Subject Matter

Jurisdiction and Release from Federal Prison as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255.

If Defendant elects to have his Motion for Proof of Subject Matter Jurisdiction and Release from Federal Prison treated as a § 2255 motion, the Court advises Defendant as follows:

28 U.S.C. § 2244(a) provides

> [n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2255 provides

> [a] second or successive petition or motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Under 28 U.S.C. §§ 2244(a) and 2255, therefore, the Court may not consider a successive § 2255 motion without first receiving authorization from the Ninth Circuit Court of Appeals.

Accordingly, if Defendant elects to have the Court construe his Motion for Proof of Subject Matter Jurisdiction and Release from Federal Prison as one to vacate or to set aside the Judgment pursuant to § 2255, he will foreclose his ability to bring a second or successive motion under § 2255 after the Court has decided his Motion unless he first obtains authorization from the Ninth Circuit.

## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion to Alter or Amend Judgment (#7) and **DIRECTS** Defendant to advise the Court in writing **no later than July 21, 2008**, whether he requests the Court to construe his Motion (#10) for Proof of Subject Matter Jurisdiction and Release from Federal Prison as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED this 24th day of June, 2008.

ANNA J. BROWN
United States District Judge